# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:20-cv-00043-MR

| | | |
|---|---|---|
| **STEVE LEE WALDEN MENIUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GASTON COUNTY DEPARTMENT** | ) | |
| **OF SOCIAL SERVICES, et al.,** | ) | <u>**ORDER**</u> |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Third

Amended Complaint [Doc. 32]. Also pending are Plaintiff's *pro se* Motion for

Reconsideration [Doc. 33] and Motion to Amend [Doc. 34]. Plaintiff is

proceeding *in forma pauperis*. [Doc. 18].

## I.    BACKGROUND

*Pro se* Plaintiff, who is presently incarcerated at the Harnett

Correctional Institution,[1] filed this civil rights action pursuant to 42 U.S.C. §

1983 complaining about his adoption at the age of 10 and various incidents

that allegedly occurred in the decades that followed.[2]  The Second Amended

---

[1] Plaintiff filed the Complaint from the Gaston County Jail.

[2] The Plaintiff is now 45 years old.

Complaint [Doc. 27][3] was dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted, and the Plaintiff was given the opportunity to amend. [Doc. 30].

The Third Amended Complaint is now before the Court for review. The Plaintiff names as Defendants: John Doe, the Plaintiff's guardian *ad litem* at the time of his adoption; the Gaston County Department of Social Services; the City of Florence, South Carolina; the City of Hartsville, South Carolina's Department of Social Services; Gordon McBride, a private attorney; Dr. Michel Friedman, a forensic psychologist for the State of South Carolina; Boy Scouts of America - Pee Dee Area Council, Inc. in Florence, South Carolina ("Pee Dee"); Dr. Delmar H. Wilson, the director of Pee Dee; Eugene J. Jones, the scout executive for Pee Dee; and the estate of E. Flynn Menius, Jr., the Plaintiff's adoptive father.

The Plaintiff purports to sue the Defendants for violating his constitutional rights by allowing Defendant Menius, who the Plaintiff asserts was a pedophile, to adopt him. The Plaintiff alleges that the City of Hartsville

---

[3] The Second Amended Complaint was filed before the Complaint [Doc. 1] and the Amended Complaint [Doc. 25] were reviewed for frivolity. In the Second Amended Complaint, the Plaintiff presented claims pursuant to the Americans With Disabilities Act (ADA) 42 U.S.C. § 12101, *et seq.*; the Religious Land Use and Incarcerated Persons Act (RLUIPA) 42 U.S.C. § 2000cc-1, *et seq.*; and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, *et seq.*, as well as § 1983.

had a "policy of incorporation to allow Boy Scouts to hide perversion files"

about allegations sexual misconduct and that Defendants John Doe and/or

the Department of Social Services breached a duty to the Plaintiff by allowing

Defendant Menius to adopt him "through a policy or custom of placing

children in foster homes." [Doc. 32 at 4]. The Plaintiff further alleges that

"state actors for the City of Gastonia N.C. and Florence S.C., and members

of the Pee Dee Area Council Inc. for the Boy Scouts of America" deprived

him of "life and liberty." [Doc. 32 at 6]. The Plaintiff alleges that Defendant

Menius molested him after the adoption and that this resulted in

psychological trauma, a lifetime of substance abuse, mental health

conditions, and incarceration. The Plaintiff states that he does not seek to

invalidate his criminal convictions, but rather "to use them as proof of said

deprivation of life and liberty" via the Plaintiff's removal from his natural

parent and adoption by Defendant Menius. [Doc. 32 at 5].

The Plaintiff seeks psychological therapy, damages, injunctive relief,

and for the Boy Scouts of America "to include [Plaintiff] in its claims…." [Doc.

32 at 5].[4]

---

[4] The Plaintiff alleges that he filed the Amended Complaint in the instant case, in which he named the Boy Scouts of America as a Defendant, before a deadline of October 31, 2020. However, he fails to identify the origin of the October 31, 2020 deadline or explain why he has asserted such a claim in the instant case. Significantly, the Plaintiff does not allege that he was ever a boy scout. The Court takes judicial notice that the bar date for filing claims in the bankruptcy proceeding of the Boy Scouts of America was November

3

The Plaintiff has also filed Motions requesting reconsideration of the Order dismissing the Second Amended Complaint on initial review, and seeking leave to amend. [Docs. 33, 34].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Third Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a *pro se* complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

---

16, 2020. [D.Del. Bcy. Case No. 20-10343].  Plaintiff makes no allegations that he has filed any such claim therein.

forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

### A.   Third Amended Complaint

The Plaintiff asserts various violations of his constitutional rights pursuant to § 1983.  To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

Among the Defendants in this action are the Plaintiff's adoptive father's estate, a private attorney, Pee Dee, and two Pee Dee organization officers. The Plaintiff makes no factual allegations that would demonstrate that any of these Defendants acted under the color of state law at the time the alleged incidents occurred.  See generally Fleming v. Asbill, 42 F.3d 886, 890 (4th

5

Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."); <u>Powell v. Shopco Laurel Co.</u>, 678 F.2d 504 (4th Cir. 1982) (dismissing § 1983 claim against the private employer of a state-licensed security guard where the liability was predicated solely on *respondeat superior*). Further, the Plaintiff has failed to allege facts demonstrating that these Defendants violated his constitutional rights in any way. <u>See</u> <u>generally</u> Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); <u>Simpson v. Welch</u>, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Plaintiff also asserts § 1983 claims against the Gaston County Department of Social Services, the City of Florence, South Carolina, and the City of Hartsville, South Carolina's Department of Social Services. A county or municipality may not be found liable under § 1983 via *respondeat superior* alone; it may only be found liable "when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury." <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978). For § 1983 liability to extend to a

6

local government, the policy or custom must be the "moving force" that resulted in the constitutional violation. <u>Monell</u>, 436 U.S. at 694. The Plaintiff alleges that he was harmed by a "policy or custom of placing juveniles in foster care facilities when their parents are considered unfit." [Doc. 32 at 4]. However, this regurgitation of the <u>Monell</u> standard is insufficient to state a claim; the Plaintiff has failed to assert any factual allegations that would support a claim based on that theory. <u>See</u> <u>generally</u> Fed. R. Civ. P. 8(a)(2); <u>Simpson</u>, 900 F.2d at 35; <u>Dickson</u>, 309 F.3d at 201-02.

The Plaintiff further has failed to state a claim against any of the other Defendants. The Plaintiff names as Defendants individuals including a guardian *ad litem* and a forensic psychologist. The Plaintiff cites the Fifth, Eight, and Fourteenth Amendments in a conclusory manner and alleges a "substantive due process violation," "deliberate indifference," and "cruel and unusual punishment." [Doc. 32 at 3]. However, the Plaintiff has failed to make any factual allegations about any of the Defendants' alleged actions or explained how the Defendants violated his rights in any way. The bare citation of legal authority is insufficient to state a claim for relief. <u>See</u> <u>generally</u> Fed. R. Civ. P. 8(a)(2); <u>Simpson</u>, 900 F.2d at 35; <u>Dickson</u>, 309 F.3d at 201-02.

In short, the Plaintiff has failed to state a plausible § 1983 claim against any Defendant. Therefore, the Third Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

## B.    Motion for Reconsideration

In his Motion for Reconsideration [Doc. 33], the Plaintiff asks the Court to reconsider its dismissal of his Second Amended Complaint on initial review because: the Plaintiff has standing to sue; the Plaintiff was injured by North Carolina and South Carolina state policies that removed the Plaintiff from his home and allowed him to be adopted in violation of his constitutional rights; the Plaintiff's claim against the Boy Scouts of America is timely; the Plaintiff will be able to demonstrate that the Defendants are state actors through discovery; and the Plaintiff's claims are not frivolous.

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see also Fed. R. Civ. P. 54(b).

The Plaintiff has failed to demonstrate that reconsideration is warranted with regards to the initial review of his Second Amended Complaint in any respect. Accordingly, the Plaintiff's Motion for Reconsideration will be denied.

8

## C.	Motion to Amend

In his Motion to Amend [Doc. 34], the Plaintiff seeks leave to file a Fourth Amended Complaint.  The Plaintiff explains that he fears he may not have filed this action in the correct jurisdiction.  He asks to voluntarily dismiss all North Carolina parties; for "his claim to be joined to the claim against the Boy Scouts of America Fed. R. Civ. P. 20(a)(1) and 20(a)(2);"[5] and to proceed against the South Carolina Defendants.  [Doc. 34 at 2].  Plaintiff, however, has not named the Boy Scouts of America (BSA) as a defendant in this case.  Moreover, he cannot amend to do so.  The BSA is in bankruptcy in Delaware, and any claim against that entity is automatically stayed pursuant to 11 USC § 362.  Likewise, any claims Plaintiff may have against such other defendants cannot be joined in that bankruptcy proceeding, even had Plaintiff filed a proof of claim to pursue the BSA.

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

---

[5] The Plaintiff refers to Boy Scouts of America "ineligible volunteer" or "perversion files" relating to Defendant Menius.  [See Doc. 33-2 at 3-4] (April 21, 1964 letter from Defendant Wilson to Defendant Jones stating that Defendant Menius was removed as a troop scoutmaster after substantiated reports of "acts of perversion" committed on five scouts; and Defendant Menius's April 6, 1964 resignation letter to the troop parents, stamped "TS/MS/KS v. BSA, et al., Cause No. 03-2-37274-9 Produced Pursuant to Protective Order").

(e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

The Plaintiff has failed to state a plausible claim against any Defendant despite four attempts to do so. [See Docs. 1, 25, 27, 32]. Nothing in the Motion to Amend indicates that a fifth attempt would fare any better. The Plaintiff's allusion to joining a lawsuit against the Boy Scouts of America in another jurisdiction is vague and baseless. The Plaintiff has failed to identify any possible proceeding against the Boy Scouts of America that he may be seeking to join, explain its relationship to the instant civil rights action, or set forth any basis for this Court's involvement in such a request whatsoever.[6]

---

[6] The Plaintiff does not allege that he was ever a boy scout or that the "perversion files" relating to Defendant Menius from April 1964 – more than 11 years before the Plaintiff was born – address the Plaintiff in any way.

The Court has no difficulty concluding that further amendment would be futile. Accordingly, the Plaintiff's Motion to Amend is denied.

## IV. CONCLUSION

In sum, the Third Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. The Plaintiff's Motion for Reconsideration and Motion to Amend are denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Third Amended Complaint is **DISMISSED AS FRIVOLOUS** and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 33] and Motion to Amend [Doc. 34] are **DENIED**.

**IT IS SO ORDERED.**

Signed: April 1, 2021

Martin Reidinger
Chief United States District Judge